**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAEBELLE POINDEXTER, )<br>  )<br>　　　　　Plaintiff, )<br>  )<br>　　v. )   Case No. 1:09-cv-107-SJM<br>  )<br>JERRY MILLER, )<br>  )<br>　　　　　Defendant. ) | |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District J.,

　　This civil action was filed in the Court of Common Pleas for Venango County, Pennsylvania by the Plaintiff, Maebelle Poindexter, who is proceeding *pro se*. Plaintiff is the widow of one Daniel Poindexter, who was formerly employed at Joy Manufacturing/ Technologies in Franklin, Pennsylvania. Plaintiff alleges that human resources personnel at Joy Manufacturing negligently accepted and processed a falsified spousal consent form which affected the manner in which benefits would be distributed under her husband's pension plan, known as "The Joy Global Pension Plan." The Defendant, Jerry Miller, is the Human Resources Director of the Joy Manufacturing plant in Franklin, Pennsylvania, where Plaintiff's husband was employed. Defendant filed a notice of removal on May 11, 2009, claiming that the complaint is properly construed as asserting a claim under Section 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), and that this Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

　　Presently pending before me is a motion by the Defendant to dismiss the putative ERISA claim for legal insufficiency. Because I conclude that this Court lacks proper removal jurisdiction over the matter, I will dismiss this action and remand it to state court.

## I.  DISCUSSION

A. <u>Removal</u>

This case was removed from state court pursuant to 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the appropriate division of the United States District Court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Subsection (b) of the statute provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." *Id*. at § 1441(b).

B. <u>Jurisdictional Standard of Review</u>

Because federal courts are courts of limited jurisdiction, we have an obligation to address the question of subject matter jurisdiction *sua sponte*. *Meritcare v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (a district court may "address the question of jurisdiction even if the parties do not raise th issue"); *Sopak v. Highmark, Inc.*, No. Civ. A. 01-1750, 2002 WL 1271366 at *2 (W.D. Pa. Feb. 19, 2002). A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. However, removal jurisdiction is construed narrowly, *Dawson v. Bakare*, No. 4:09-CV-0036, 2009 WL 2038146 at *2 (M.D. Pa. July 6, 2009), and therefore any doubts as to jurisdiction are resolved in favor of the non-removing party. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Moreover, the removing defendant bears the burden of proving that removal was proper. *Boyer, supra*, at 111; *Gatti v. Western Pennsylvania Teamsters & Employers Welfare Fund*, Civil Action No. 07-1178, 2007 WL 3072264 at *1 (W.D. Pa. Oct. 19, 2007). Where a court determines that it lacks subject matter jurisdiction – as where, *e.g.*, removal was improper – the court is required to remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

C.   ERISA and Preemption

Under the "well-pleaded complaint" rule, federal question jurisdiction exists only when an issue of federal law appears on the face of the plaintiff's complaint. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001).  The mere anticipation that a federal defense may be raised is insufficient to confer federal question jurisdiction.  *Id*.

However, there is an exception to the "well-pleaded complaint rule":  the doctrine of "complete preemption" provides that where Congress has so substantially predominated a particular area as to displace any state cause of action, any suit brought in that area is deemed federal in character and, accordingly, satisfies the "arising under federal law" requirement.  See *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)). In *Metropolitan Life Ins. Co. v. Taylor*, the Supreme Court held that state law claims falling within the scope of § 502(a) of ERISA are completely preempted by that statute and removable to federal court.  See *Pryzbowski*, 245 F.3d at 271 (citing *Metropolitan Life*, 481 U.S. at 66).

Section § 502(a)(1) provides, in relevant part, that a participant or beneficiary of an ERISA-regulated plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Thus, "[u]nder § 502(a), a beneficiary may obtain accrued benefits due, a declaratory judgment about entitlements of benefits, or an injunction to require the administrator to pay benefits." *Pryzbowski*, 245 F.3d at 272.  Section § 502(a)(3) allows for civil actions "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other

3

appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." It follows that, if Plaintiff's claim falls within the scope of § 502(a)(1)(B) or (a)(3), it is completely preempted.

As our Circuit Court of Appeals has noted, however, "[i]t is important to distinguish complete preemption under section 502(a) of ERISA, which is used in this sense as a jurisdictional concept, from express preemption under section 514(a) of ERISA, which is a substantive concept governing the applicable law." *In re U.S. Healthcare, Inc.,* 193 F.3d 151, 160 (3d Cir. 1999) (*citing In Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171-72 (3d Cir.1997). Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). State-law claims that are subject to this "express preemption" are displaced and thus subject to dismissal, *see id.*, *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985), but they are not subject to removal. *See Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir.1997) ("ERISA preemption under § 514(a), standing alone, does not ... create federal removal jurisdiction over a claim pled under state law in state court.")

Thus, state law claims that fall outside the scope of § 502, even if they would otherwise be preempted by § 514(a), "are still governed by the well-pleaded complaint rule, and therefore, are not removable under the complete preemption principles ...." *Id.* at 172. *See also Pryzbowski*, 245 F.3d at 275 (anticipated defense of express preemption under § 514(a) cannot be the basis for removal). Moreover, where the claim falls outside the scope of § 502, the district court cannot rule upon an issue of express preemption under § 514. *See Pryzbowski*, 245 F.3d at 275 ("[W]hen the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.") (*quoting Dukes v. U.S. Healthcare*, 57 F.3d at 355).

D.      The Plaintiff's Claims

The upshot of the foregoing discussion is this: if the Plaintiff's claim is, as Defendant contends, covered by the scope of § 502(a)'s civil enforcement provision, then it is completely preempted by ERISA, removable to this Court, and subject to adjudication on its merits under the applicable provisions of ERISA. If, on the other hand, Plaintiff's claim does not fall within the scope of ERISA's civil enforcement provision, then it is not completely preempted and removal jurisdiction does not exist.

As I have noted, § 502(a)(1)(B) permits a plan beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, claims pertaining to the administration or the eligibility of benefits fall within the scope of § 502(a). *Pryzbowski*, 245 F.3d at 273. To state it differently, claims that contend benefits due under the plan were erroneously withheld or which seek to enforce a beneficiary's rights under the plan or clarify the beneficiary's rights to future benefits are subject to complete preemption. *In re U.S. Healthcare, Inc.*, 193 F.3d at 161-62. The Supreme Court has recently stated that, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (internal quotations and citation omitted). "Likewise, Section 502(a)(1)(B) preempts a state law cause of action when interpretation of the terms of plaintiff's benefit plan forms an essential part of plaintiff's state law claims." *Alloca v. Wachovia*, 2005 WL 2972845 at *3 (D.N.J. Nov. 4, 2005).

The dispute giving rise to this lawsuit has to do with a spousal consent form which essentially waived the Plaintiff's right to survivor benefits under her late husband's pension plan. In order for the decedent to have elected a lifetime annuity in lieu of survivor benefits, the Plaintiff was required to execute the spousal consent form

5

in question. The subject form was ostensibly executed by the Plaintiff on December 4, 1997 and bears the seal of a notary public. However, Plaintiff contends that there are obvious inaccuracies and errors on the face of the form which evidence the fact that her signature was forged and improperly notarized. She alleges that the Defendant should have discovered and acknowledged the forgery.

The Defendant contends that the complaint, in substance, asserts a claim under § 502(a)(1)(B) because Plaintiff is seeking to clarify her rights to future benefits insofar as she alleges that the Defendants arbitrarily determined the amount her husband received in pension payments and the amount of survivor benefits to which she is entitled. I find this assertion unpersuasive.

In her complaint, Plaintiff alleges that the subject consent form was falsified, administered improperly and did not adhere to Notary Public standards – *to wit,* her signature was forged and there is not a notary seal present. (Complaint [1-2] at ¶ 5.) Plaintiff claims that Joy Manufacturing personnel were aware of these discrepancies but ignored them and accepted the form as part of the Plan. (*Id.* at ¶ 7.) She further claims that her survivor benefits are in question as a result of the foregoing (*id*. at ¶ 9) and that "[c]onclusion[s] made ... pertaining to the amount Mr. Poindexter would have received in pension payments is without merit and arbitrarily determined by the employer without any input from the spouse." (*Id*. at ¶ 11.)

Yet a reading of the complaint shows that Plaintiff is not, in this action, seeking survivor benefits under the Plan, nor is she seeking to clarify or enforce rights under the Plan. (In fact, the Plaintiff alleges that the company is already "cooperating to compensate [her] for accepting a forged spousal consent form..." (Complaint ¶ 13), which presumably equates to some form of compensation for her lost survivor benefits.) Rather, the complaint alleges that corporate human resources personnel were negligent in allowing a defective document to become a part of the Plan and that the Defendant should therefore be liable for the "collateral damages incurred" as a result of her foregone survivor benefits. (Complaint ¶¶ 4, 13.) According to the complaint, these

"collateral damages" include the loss of her home and car, moving expenses, legal expenses, costs incurred in connection with securing a forensic examiner, and pain and suffering over a three year period.  (*Id.* at ¶ 14.)  Plaintiff also seeks equitable relief requiring the Defendant "to explain what quality control measures are in place to prevent such mistakes."  (*Id*. at ¶ 12.)[1]  Plaintiff's response to the pending motion to dismiss clarifies that her allegations do not pertain to the manner in which the Plan was administered; instead, they pertain to allegedly negligent actions by corporate personnel in allowing an invalid spousal consent form to become part of the Plan.  Simply put, "Maebelle Poindexter argues that losses incurred were not a result of the pension plan but the result of Joy Administration processing an invalid document which could not be part of the plan."  (Pl.'s Response to Motion to Dismiss [10].)

As the foregoing demonstrates, Plaintiff is not presently challenging the administration of benefits under the terms of the Plan or her eligibility to receive survivor benefits.  She does not claim that survivor benefits were erroneously withheld by the Plan Administrator or that she should be entitled to such benefits from the Plan in the future.  In fact, the right which Plaintiff is presently seeking to vindicate is not one that arises under ERISA, nor could it be enforced pursuant to § 501(a)(1)(B).  Nor is this a situation where interpretation of the Plan terms forms an essential part of the Plaintiff's state law claim.  Consequently, I conclude that the Plaintiff's negligence claim is not subject to complete preemption by § 501(a)(1)(B) of ERISA.

Defendant also contends that the complaint asserts a claim under § 502(a)(3) because the Plaintiff, in substance, is alleging that the Defendant is a fiduciary and that he breached his fiduciary duty by imprudently accepting the allegedly forged spousal consent form.  I find this theory also to be a misreading of the complaint. Defendant is not the Plan Administrator and Plaintiff does not aver that he owed her – or breached –

---

[1] The Complaint contains some mis-numbered paragraphs.  The cited paragraph should be numbered "14.")

a fiduciary duty.  Rather, the duty which she claims was breached is one of ordinary care, as pertains in any garden variety negligence action.  Her theory appears to be that "[p]roper quality control measures should have been in place to insure the validity of all documents."  (Pl.'s Response to Mot. to Dismiss [10].)  This is not a situation where the Plaintiff is attempting to redress the alleged violation of a specific ERISA provision or a term of the subject Plan.  *See* 29 U.S.C. § 1132(a)(3) (providing a cause of action to, *inter alia*, beneficiaries who seek to enjoin or obtain other appropriate equitable redress of an alleged violation of ERISA Subchapter 1 or the terms of the plan).  Instead, the theory seems to be that the Plaintiff lost out on certain benefits under the Plan to which she otherwise would have been entitled – and this in turn resulted in additional consequential or "collateral" damages – due to an act of corporate negligence on the part of the Defendant in allowing a defective document to become part of the Plan.  Such alleged misconduct violates neither the Plan itself nor any provision of ERISA.

Although the Defendant characterizes Plaintiff's claim as one asserting a breach of fiduciary duty (thus, a putative ERISA violation), the complaint suggests otherwise.  For purposes of ERISA, a "fiduciary" is defined to include "a person ... [who] (i) ... exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) ... has any discretionary authority or discretionary responsibility in the administration of such plan."  29 U.S.C. § 1002 (21)(A).  As the Defendant himself acknowledges in his motion to dismiss the complaint, "[Plaintiff] has not alleged any facts suggesting that Miller is a Plan fiduciary."  (Def.'s Mem. in Supp. of Mot. to Dismiss the Complaint [6] at p. 4.)

Defendant nonetheless insists that the Plaintiff is *attempting to* allege a fiduciary duty on his part because, as the Defendant sees it, Plaintiff is contending "that Defendant breached his alleged fiduciary duty owed to her, by imprudently accepting the allegedly forged spousal consent form."  (Def.'s Mem. in Supp. of Mot. to Dismiss at p. 2.)  As support for this proposition, Defendant cites Paragraphs 4 and 5 of the

complaint. But these paragraphs merely aver that:

> 4. Joy Human Resources was negligent by not insuring this [spousal consent] form was valid[.]
>
> 5. ... Said document specifically required a Notary Public or Employer Representative as a witness. Said document was falsified, administered improperly and did not adhere to Notary Public standards. The signature of Maebelle Poindexter had been forged and there is not a notary seal present.

(Complaint [1-2] at ¶¶ 4-5.) I find nothing in these averment which requires that they be construed as an alleged breach of fiduciary duty as opposed to ordinary negligence.

The Defendant cites two cases which supposedly demonstrate that "[o]ther courts have recognized that ERISA claims like those asserted in the Complaint are properly removable." (Notice of Removal [1] at ¶ 7.) In *Dunlap v. Ormet Corp.*, No. 5:08-cv-65, 2009 WL 763382, the plaintiff, a plan beneficiary, asserted among other things, that certain corporate defendants had negligently accepted a change of beneficiary form (which removed the plaintiff as the named beneficiary) without investigating its validity. The court found this claim to be completely preempted by ERISA and prosecutable as a federal cause of action. Although such a claim is very similar to the one being asserted here, I am not persuaded that the result reached in *Dunlap* pertains in this case. For one, the *Dunlap* court found (somewhat summarily) that the plaintiff's negligence claim asserted a "breach[ ] of ERISA's core fiduciary standards of loyalty and care," *Dunlap, supra*, at * 5, a conclusion which I am unwilling to reach here for the reasons previously stated. Second, the *Dunlap* court went on to say that, "to the extent ... the claims against the corporate defendants are not construed as arising under § 502(a)(2) or § 502(a)(3), the plaintiff nonetheless seeks to recover benefits due to her under the terms of the benefits plan. Therefore, her claims conceivably implicate § 502(a)(1)." *Id.* As I have already explained, that is not the case here, as Plaintiff is not stating a claim for benefits due her under the Joy Global Pension Plan.

Defendant also refers me to *Gatti v. W. Penn Teamsters & Employers Welfare Fund*, No. 07-1178, 2007 WL 3072264 (W.D. Pa. Oct. 19, 2007), which I find to be readily distinguishable from the case at bar. In *Gatti*, the court stated:

> It does not require a deep reading of the Complaint to determine that Plaintiff's claims fall squarely within the provisions of section 502(a). Plaintiff seeks to recover the $1800 in accident benefits that he alleges were wrongfully denied him under the terms of the Plan. He also seeks a declaratory judgment interpreting the Plan's terms with respect to subrogation for accident benefits. These allegations facially state a claim falling under the purview of section 502(a).

*Gatti, supra*, at *3. As I have already discussed, the Plaintiff is not presently suing to recover survivor benefits, nor does she contend that such benefits were wrongly denied her based on the terms of the Plan. Instead, as I understand the complaint, Plaintiff is alleging that the Defendant was negligent in allowing a defective spousal consent form to become part of the Plan, thereby altering her rights under the Plan. Such allegations render *Gatti* inapposite to the present case.

## II. CONCLUSION

For the reasons previously discussed, I find that the Plaintiff's state law negligence claim is not completely preempted by ERISA and, thus, not subject to removal under 28 U.S.C. § 1441. Having determined that this Court lacks removal jurisdiction over the Plaintiff's claim, I am statutorily required to remand the case to state court inasmuch as the parties are not diverse and there is no other apparent basis upon which to assert federal subject matter jurisdiction.[2] *See* 28 U.S.C. § 1447(c). Accordingly, an appropriate order follows.

---

[2] Of course, in remanding the case, the Court renders no opinion on the ultimate merits or legal viability of Plaintiff's claims.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAEBELLE POINDEXTER, ) | |
| Plaintiff, ) | |
| ) | Case No. 1:09-cv-107-SJM |
| v. ) | |
| JERRY MILLER, ) | |
| Defendant. ) | |

## O R D E R

AND NOW, *to wit*, this 16th day of March, 2010, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that the above-captioned civil action be, and hereby is, DISMISSED for lack of subject matter jurisdiction. The Clerk of Court is hereby directed to remand this matter to the Court of Common Pleas for Venango County, Pennsylvania.

        s/    Sean J. McLaughlin
              SEAN J. McLAUGHLIN
              United States District Judge

cm:   All parties of record.